UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **PATRICK FISCHER**, a citizen and resident of Midlothian, Chesterfield County, Virginia, <br><br> Plaintiff, <br><br> v. <br><br> **BRISTOL MOTOR SPEEDWAY, LLC,** a Domestic Limited Liability Company whose Registered Agent is CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929 <br><br> Defendants. | Civil Action No.: _____ <br><br> Jury Demanded |

## COMPLAINT

1. The Plaintiff, Patrick Fischer, is a citizen and resident of Midlothian, Chesterfield County, Virginia.

2. Defendant Bristol Motor Speedway, LLC, is a domestic limited liability company and is located at 151 Speedway Blvd., Bristol, Tennessee, whose registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. The jurisdiction in this cause is based upon diversity of citizenship between the parties pursuant to Section 1332 of Title 28 of U.S. Code. Personal jurisdiction is proper under Tennessee Code Annotated §20-2-203. Venue is proper within this jurisdiction under Section 1391(c) of Title 28 of the U.S. Code. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

4. This case was previously filed with this Honorable Court on August 16, 2017, Case No. 2:17-cv-00138-CLC-MCLC. A voluntary nonsuit was taken, Pursuant to Rule 41.01 of the Federal Rules of Civil Procedure, on February 11, 2019. Plaintiff now refiles this case within a year of the voluntary nonsuit to satisfy Rule 3 of the Federal Rules of Civil Procedure.

5. On August 20, 2016, the Plaintiff was lawfully on the premises of the aforementioned Bristol Motor Speedway in Bristol, Tennessee, attending the Bass Pro shops NRA Nascar night race.

6. Upon entering the restroom at Bristol Motor Speedway, Plaintiff slipped in a clear liquid on the floor and fell.

7. There were no wet floor signs, markers, or any other type of warning of the floor's condition.

8. Plaintiff avers that Defendant via its agents and employees was negligent as a matter of common law at the time and place aforesaid in one or more of the following particulars:

   a. Failed to inspect and maintain the speedway facilities to be free of hazards in order to avoid injury to their customers and in particular, failed to mark or mop up spills made by prior customers and/or puddles of water due to wet conditions;

   b. Failed to exercise ordinary care and caution for the safety of their customers by regularly inspecting the area where customers walked;

   c. Failed to mark or clean up puddles or wet floor conditions made by prior customers and/or weather conditions despite the fact employees were or should have been aware of the condition of the floor;

d. Failed to remedy a dangerous condition of which it had sole and exclusive control;

e. Allowed a dangerous condition to continue to exist without warning its customers.

f. Failed to take other corrective measures to eliminate an obvious hazard that it knew or in the exercise of ordinary care should have known existed.

g. Failed to have a sufficient number of employees dedicated to maintenance and, in particular, maintaining the speedway bathroom area to be free from spills, wet floor conditions, and/or puddles.

9. Plaintiff avers that Defendant knew or should have known of the hazard long enough to have corrected it or to have given warning.

10. Plaintiff suffered as a sole and proximate result of the Defendant's negligence as aforesaid, painful and disabling injuries to his back, right shoulder and right elbow, which will limit his future activities of daily living.

11. Plaintiff avers that since Plaintiff has incurred the aforesaid injuries, he has been rendered sick and sore in body and mind, suffered mental anguish, varying degrees of pain, lost enjoyment of life, and has been prevented from engaging in his normal life activities.

12. Plaintiff has incurred medical expenses as a result of this slip and fall.

13. All damages to Plaintiff were the direct and proximate result of Defendant's negligent conduct as set forth in this Complaint. Further, Plaintiff avers that he is free of any comparative negligence.

14. Defendant Speedway Motorsports, Inc. and Defendant Bristol Motor Speedway, LLC, have been properly served with process.

WHEREFORE, PLAINTIFFS PRAY:

1. That Plaintiff recovers from Defendants compensatory damages, as determined by a jury after hearing proof, in an amount not to exceed $2,000,000.00.

2. Plaintiff demands a Jury to try this cause.

3. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**PATRICK FISCHER**
BY COUNSEL

_____
**EVAN "MAC" MEADE, BPR #025031**
Attorney for Plaintiff
MEADE LAW GROUP
215 North Boone Street
Johnson City, TN 37604
(423) 926-7112 telephone